Steven John Moser (SM1133)
Steven J. Moser, P.C.
3 School Street, Suite 207B
Glen Cove, New York  11542
(516) 671-1150 • F (516) 882-5420
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

REGINA DE LA CRUZ CASTANEDA

Plaintiff,

-against-

THE COUNTY OF SUFFOLK AND SUFFOLK COUNTY POLICE DEPARTMENT,

Defendants.

Case No.:

**COMPLAINT**
**JURY TRIAL DEMANDED**

  Plaintiff Regina De La Cruz Castaneda, by her attorney, Steven J. Moser, P.C. hereby files this complaint against the County of Suffolk and Suffolk County Police Department (collectively "SCPD") for violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA") and disability discrimination in violation of New York State Executive Law § 296 ("NYSHRL" or "Human Rights Law").

  This case is the second in a series of suits against the SCPD to remedy policies with regard to 9-1-1 Operators and Public Safety Dispatchers that are in direct violation of the FMLA, the ADA, and the NYSHRL.   The first, *Dawn Ruggiero v. The County of Suffolk,* 14-cv-07434-JFB-GRB, was commenced on December 22, 2014.

JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2617(a)(2), and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

2. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, as substantial parts of the events or omissions giving rise to claims in Complaint occurred within the Eastern District.

PARTIES

3. Plaintiff Regina De La Cruz Castaneda ("Regina") is a natural person who resides in Suffolk County, New York.

4. The County of Suffolk is a County Government within the State of New York.

5. Defendant Suffolk County Police Department is an agency or department of the Suffolk County Government, with headquarters at 30 Yaphank Avenue, Yaphank, NY 11980.

LAW

The FMLA

6. Under the FMLA, an "eligible employee" is entitled to a total of twelve weeks of leave during any twelve month period, because of a serious health condition that makes the employee unable to perform the functions of her job. 29 U.S.C. §§ 2601 et seq., 2612(a)(1)(D).

7. An "eligible employee" is an individual employed for any 1,250 hours in the previous twelve months, including an employee of a public agency. 29 U.S.C. § 2611(2).

8. The term "serious health condition" means an illness, injury, impairment, or physical or mental condition, including a condition that involves continuing treatment by a health care provider. 29 U.S.C. § 2611(11)(B).

9. Under the FMLA, "employer" means "any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year" and includes a "public agency." 29 U.S.C. § 2611(4)(A)(i) & (iii).

10. FMLA leave "may be taken intermittently…when medically necessary." 29 U.S.C. § 2612(b)(1); *See* 29 C.F.R. § 825.203.

11. "Examples of intermittent leave would include leave taken on an occasional basis for medical appointments, or leave taken several days at a time spread over a period of six months, such as for chemotherapy." 29 CFR § 825.202(b)(1).

12. "[T]he FMLA does not permit an employer to withhold an approval of a request for FMLA leave if an exact schedule of leave is not submitted." (U.S. DOL Wage and hour Division Opinion Letter FMLA2002-6, Dec. 4, 2002. www.dol.gv/whd/opinion/FMLA/2002_12_94_6_FMLA.htm, last visited Dec.22, 2014.)

13. An employer may require an intermittent leave request be supported by a

certification issued by the employee's health care provider.  When requested, the employee must timely provide a copy of such certification to the employer.  29 U.S.C. § 2613(a).

14. Pursuant to 29 C.F.R. § 825.305(d), where an employer finds a certification incomplete, it must give the employee a reasonable opportunity to cure any deficiencies.

### The New York State Human Rights Law

15. The New York State Human Rights Law, like the ADA, contemplates that employers will engage in "an 'interactive process [with their employees and in that way] work together to assess whether an employee's disability can be reasonably accommodated." *Brady v. Wal-Mart Stores, Inc.,* 531 F.3d 127, 135 (2d Cir. 2008)(quoting *Jackan v. N.Y. State Dep't of Labor*, 205 F.3d 562, 566 (2d Cir.2000)).  The employer's obligation to enter into the interactive process is not triggered only by a specific request for an accommodation, but also by simply becoming aware of a disability.  *See Brady*, 531 F.3d at 135.

16. "[T]he first step in providing a reasonable accommodation is to engage in a good faith interactive process that assesses the needs of the disabled individual and the reasonableness of the accommodation requested. The interactive process continues until, if possible, an accommodation reasonable to the employee and employer is reached." *Phillips v. City of N.Y.*, 2009 NY Slip Op 5990, ¶ 4, 66 A.D.3d 170, 176, 884 N.Y.S.2d 369, 373 (App. Div.)

### FACTS

17. The SCPD is an employer with more than fifty employees and is a public agency.

18. Plaintiff Regina De La Cruz Castaneda has been employed as an Emergency Complaint Operator by the SCPD since September 20, 1987.

19. Regina has lupus, a condition that she has dealt with for the past twenty-three years.

20. Lupus is a painful autoimmune disease that affects "many parts of the body, including joints, skin, kidneys, heart, lungs, blood vessels, and brain" and "some of the most common [symptoms] include extreme fatigue, painful or swollen joints, unexplained fever, skin rashes, and kidney problems."  (http://www.niams.nih.gov/Health_Info/Lupus/default.asp, accessed Dec. 18, 2014).

21. Regina also has fibromyalgia, a disorder that inflicts widespread pain and "tender points" on a patient's body; COPD, a condition that slowly constricts a person's airways overtime and eventually leads to death; pleurisy; and ongoing kidney problems.

(http://www.nlm.nih.gov/medlineplus/ency/article/000427.htm, accessed December 24, 2014; http://www.nhlbi.nih.gov/health/health-topics/topics/copd/, accessed December 23, 2014).

22. The aforementioned conditions make basic bodily functions such as breathing and movement difficult.

23. To manage her illnesses, Regina is under medical supervision and has to take regular courses of medication.

24. Regina suffers from unpredictable flare-ups of her chronic illnesses, episodes that leave her incapacitated sometimes for several days at a time.

25. Lupus, fibromyalgia, COPD, pleurisy, and kidney problems, are all "serious health conditions" as defined under the FMLA because the illnesses cause physical impairment and require ongoing treatment by health providers.

26. On March 1, 2013, Regina requested intermittent leave under FMLA "on an as needed [basis] due to...chronic conditions requiring periodic treatment." (Exhibit A).

27. Regina worked more than the required 1,250 hours in the twelve months preceding her request for FMLA leave.

28. To the request for intermittent leave, Regina attached a "Certification of Health Care Provider" in which her treating physician certified that her chronic conditions require ongoing treatment and cause "periodic flare-ups" that result in incapacitation one to two times a month for at least two days at a time. The physician also certified that these ongoing conditions require visits to her doctors "approx[iamately] every week" for treatment and testing, making it necessary for her to be absent from work for treatment. (Exhibit A).

Facts with Regard to FMLA Interference

29. In a letter dated March 13, 2013, Acting Director Paul Margiotta, Esq., summarily denied her request. (Exhibit B).

30. The reason provided for the denial was that "intermittent Family Medical Leave must be scheduled leave, with the approval of the Department, and not disrupt departmental operations."

31. The letter dated March 13, 2013 from Acting Director Paul Margiotta, Esq., embodies the SCPD's policy with regard to all 911 complaint operators and Public Safety Dispatchers that "intermittent Family Medical Leave must be scheduled leave, with the approval of the Department, and not disrupt departmental operations."

32. Requiring an employee to schedule all intermittent leave eliminates the protections created for leave due to unforeseeable emergent medical events.

33. Requiring Regina to schedule all intermittent leave required her to foresee and schedule when her flare-ups would occur.

34. SCPD's policy assumes that intermittent leave will disrupt departmental operations, a basis that is plausible only if the employee proposes specific dates of leave.

35. Regina requested leave on an "as needed basis." Because Regina did not propose specific dates, SCPD had no way of knowing in advance whether her leave would truly unduly disrupt its operations.

36. The United States Department of Labor has explicitly addressed this matter in an opinion letter, holding that "the FMLA does not permit an employer to withhold an approval of a request for FMLA leave if an exact schedule of leave is not submitted." (U.S. DOL Wage and hour Division Opinion Letter FMLA2002-6, Dec. 4, 2002. www.dol.gv/whd/opinion/FMLA/2002_12_94_6_FMLA.htm, last visited Dec.22, 2014.)

37. The SCPD never gave Regina an opportunity to cure any purported deficiencies in her FMLA request.

Facts With Regard to NYSHRL Discrimination

38. The SCPD, after becoming aware that Regina suffers from lupus, fibromyalgia, COPD, pleurisy, and kidney problems, failed to engage in an interactive process to find possible accommodations, in violation the NYSHRL.

39. Even after being notified of her disability by her doctor's certification and supporting documentation for FMLA leave, the SCPD made no effort to meet with Regina to either work out a mutually convenient schedule of leave and /or find any other accommodations available.

40. The SCPD has, to date, failed to engage in an interactive process with Regina to determine whether a reasonable accommodation can be made.

FIRST CAUSE OF ACTION

INTERFERENCE WITH FMLA RIGHTS UNDER 29 U.S.C. § 2615(A)(1)

41. Plaintiff hereby repeats and realleges each and every preceding allegation, inclusive, as if fully set forth herein.

42. The Plaintiff was an eligible employee under the FMLA.

5

43. Each Defendant is an employer as defined under the FMLA.

44. The Plaintiff requested intermittent leave on March 1, 2013.

45. The Plaintiff was entitled to intermittent leave under the FMLA.

46. The Plaintiff was denied intermittent leave by the Defendants.

SECOND CAUSE OF ACTION

FAILURE TO ACCOMMODATE UNDER THE HUMAN RIGHTS LAW

47. Plaintiff hereby repeats and realleges each and every preceding allegation, inclusive, as if fully set forth herein.

48. The Defendants were employers under the Human Rights Law § 292.

49. Plaintiff was an employee under the Human Rights Law § 292.

50. Plaintiff was a person with a disability under the meaning of the Human Rights Law § 292.

51. Plaintiff could perform the essential functions of her job with or without a reasonable accommodation.

52. Discrimination includes "a refusal to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford facilities, privileges, advantages or accommodations to individuals with disabilities. . ." N.Y. Exec. Law § 296 (c)(i).

53. The interactive process is itself an accommodation, the denial of which may constitute a violation of the New York Human Rights Law. *See Phillips v. City of New York,* 66 A.D.3d 170, 176, 884 N.Y.S.2d 369, 373 (N.Y. App. Div. 2009); *Jochelman v New York State Banking Dept.*, 2010 WL 3951820, 2010 NY Misc LEXIS 4823, 2010 NY Slip Op 32750 (Sup Ct.), affd 83 AD3d 540, 920 NYS2d 661 (N.Y. App. Div 2011); *Vinokur v. Sovereign Bank,* 701 F. Supp. 2d 276, 293 (E.D.N.Y. 2010).

54. Defendants knew that the Plaintiff was a person with a disability within the meaning of the Human Rights Law.

55. Defendants failed to engage in an interactive process with the Plaintiff and otherwise failed to make a reasonable accommodation for her known disabilities.

56. Defendants failed to enact and/or implement policies regarding engaging in an interactive process with Public Safety Dispatchers and 911 Operators, including the Plaintiff.

57. Plaintiff is entitled to declaratory and injunctive relief requiring the SCPD to enact and implement procedures to engage in an interactive process with her and other

individuals who either request accommodations or advise the SCPD of a disability.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in its favor and against Defendants, containing the following relief:

A. A declaratory judgment that the actions, conduct and practices of Defendants complained of herein violate the laws of the United States and the State of New York;

B. An injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

C. An order directing Defendants to create and implement procedures for engaging in the interactive process with Public Safety Dispatchers and 911 Operators;

D. An order directing Defendants to create and implement policies consistent with the FMLA with regard to 911 operators and Public Safety Dispatchers;

E. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages;

F. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including but not limited to, compensation for mental anguish and emotional distress;

G. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

H. An award of liquidated damages under the FMLA;

I. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

J. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: Glen Cove, New York
January 13, 2015

                Respectfully submitted,
                STEVEN J. MOSER, P.C.

                /s/
                BY: Steven John Moser
                Three School Street, Suite 207B
                Glen Cove, NY  11542
                (516) 671-1150
                F (516) 882-5420
                smoser@moseremploymentlaw.com
                *Attorney for Plaintiff*